IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KRYSTAL GREENLAND, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. |
| v. | ) | |
| | ) | |
| J&J HERNANDEZ, INC., | ) | |
| AMGUARD INSURANCE | ) | |
| COMPANY, AND RAUL VIADA, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants J&J Hernandez, Inc., AmGuard Insurance Company, and Raul Viada ("Defendants") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the State Court of Cobb County, Georgia, and states as follows:

1.

This civil action was filed on March 24, 2020 in the State Court of Cobb County, Georgia under the caption *Krystal Greenland v. J&J Hernandez, Inc., AmGuard Insurance Company and Raul Viada*, Civil Action No. 20A1138 (the "State Court Action"). It was served on Defendant J&J Hernandez, Inc.'s registered agent on March 31, 2020; Defendant AmGuard Insurance Company's

registered agent on March 30, 3020 and Defendant Raul Viada on April 3, 2020.

(Exhibit A, attached.)  This notice is filed timely within 30 days as allowed by 28

U.S.C. § 1446(b).

2.

This Court possesses diversity jurisdiction over this action under 28 U.S.C. §

1332(a). In this regard, diversity jurisdiction exists where the suit is between

citizens of different states and the amount in controversy exceeds the statutorily

prescribed amount, in this case $75,000. See 28 U.S.C. § 1332(a); e.g., Williams v.

Best Buy Co., 269 F.3d 1316, 1319 (2001). On its face, Plaintiff's Complaint

reflects Plaintiff is a resident and citizen of the State of Georgia.  (Compl., ¶ 1.)

The Complaint also states that Defendant Raul Viada is a citizen and resident of

Florida; J&J Hernandez, Inc. is a citizen of North Carolina, where it is

incorporated and has its principal place of business; and AmGuard Insurance

Company is a citizen of the state of Pennsylvania, where it is incorporated and has

its principle place of business.  (Compl., ¶¶ 2, 3 and 4.)  Accordingly, there is

complete diversity among the Defendants.

3.

The State Court Action is removable pursuant to 28 U.S.C. § 1441 because

the United States District Court has original jurisdiction over this case by reason of

diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

4.

As to the amount in controversy, Plaintiff's Complaint seeks damages in

excess of $75,000, exclusive of costs and interest. More specifically, Plaintiff seeks

"past medical expenses in excess of $75,000." (Compl. ¶ 32.)   A defendant

seeking to remove a case to federal court must include a plausible allegation that

the amount in controversy exceeds the jurisdictional threshold. Anderson v. Wilco

Life Ins., 2019 U.S. Dist. LEXIS 103426, *5 (SD GA 2019) (quoting Dart

Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014)).   Thus, as

Plaintiff's Complaint states claims for damages against Defendants "in excess of

$75,000" the amount in controversy is in excess of $75,000 and satisfies the

amount in controversy requirement under 28 U.S.C. § 1332(a).

5.

Pursuant to 28 U.S.C. §1446(a), this Court is the United States District Court

for the district and division embracing the place where the State Court Action is

pending and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

6.

All Defendants, who have been properly joined and served, have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2).

7.

Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Defendants are attached hereto as Exhibit A.  Defendants reserve the right to assert all defenses available to it.

8.

Defendants will file a copy of this Notice of Removal with the Clerk of the State Court of Cobb County and give prompt written notice of the filing of this Notice of Removal to counsel of record for Plaintiff as required by 28 U.S.C. § 1446(d).  (Exhibit B, attached).

9.

After the undersigned performed a reasonable inquiry – and to the best of the undersigned's knowledge, information and belief – this Notice of Removal is well grounded in fact; is warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

**WHEREFORE,** based on the foregoing, Defendant respectfully requests that this the State Court Action be removed to this Court from the State Court of Cobb County and this Court assume full jurisdiction over this matter as provided by law.

This 29th day of April, 2020.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Shaun M. Daugherty*
SHAUN M. DAUGHERTY
Georgia Bar No. 205877
*Attorney for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
(770) 818-0000 – Phone
(770) 937-9960 – Fax
Sdaugherty@fmglaw.com
(cc: ffinley@fmglaw.com)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **NOTICE OF REMOVAL** by depositing a true and correct copy thereof in the United States mail, postage prepaid, properly addressed, and electronically filed the same with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing, to the following attorneys of record:

Michael L. Goldberg
Eric J.D. Rogers
Adam P. Smith
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Rd, NE, Suite 1500
Atlanta, GA 30326-4302

This 29th day of April, 2020.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Shaun M. Daugherty*
SHAUN M. DAUGHERTY
Georgia Bar No. 205877
*Attorney for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
(770) 818-0000 – Phone
(770) 937-9960 – Fax
Sdaugherty@fmglaw.com
(cc: ffinley@fmglaw.com)