# EXHIBIT "A"

**⚡ EFILED IN OFFICE**
**CLERK OF STATE COURT**
**COBB COUNTY, GEORGIA**
**20-A-1138**

**MAR 24, 2020 07:08 PM**

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

Krystal Greenland

c/o Fried Goldberg LLC
3550 Lenox Road, N.E.
Suite 1500
Atlanta, Georgia 30326-4302

CASE NO. _____

**PLAINTIFF**

## Vs

AmGUARD Insurance Company

c/o CT Corporation, Registered Agent
289 S. Culver Street
Lawrenceville, Georgia 30046

| TYPE OF SUIT: | | AMOUNT OF SUIT |
|---|---|---|
| Account ☐ | Principal | $_____ |
| Contract ☐ | Interest | $_____ |
| Note ☐ | Attys. Fees | $_____ |
| Tort ☐ | Court Costs | $_____ |

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

Adam P. Smith
Fried Goldberg LLC
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326-4302
(404) 591-1800

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This _____
    (Date)

_____
Clerk
State Court of Cobb County

**12 East Park Square, Marietta, Georgia 30090-9630    (770) 528-1220    Building B, First floor-Civil Division**

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  20-A-1138

$198.00 COST PAID

Greenland, Krystal

**PLAINTIFF**

VS.

J & J Hernandez Inc.
AmGUARD Insurance Company
Viada, Raul

**DEFENDANTS**

**SUMMONS**

TO: AMGUARD INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Adam Smith**
> **Fried Rogers Goldberg LLC**
> **3550 Lenox Road, N.E.**
> **Suite 1500**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 26th day of March, 2020.

Clerk of State Court

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

**❧ EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-1138**

MAR 24, 2020 07:08 PM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

☐ Superior or ☑ State Court of _Cobb_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _03-24-2020_____ | Case Number _20-A-1138_____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Greenland, Krystal

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

J & J Hernandez Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

AmGUARD Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Viada, Raul

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Smith, Adam_____ **Bar Number** _899334_____ **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| **General Civil Cases** | |
|---|---|
| ☑ | **Automobile Tort** |
| ☐ | **Civil Appeal** |
| ☐ | **Contract** |
| ☐ | **Contempt/Modification/Other Post-Judgment** |
| ☐ | **Garnishment** |
| ☐ | **General Tort** |
| ☐ | **Habeas Corpus** |
| ☐ | **Injunction/Mandamus/Other Writ** |
| ☐ | **Landlord/Tenant** |
| ☐ | **Medical Malpractice Tort** |
| ☐ | **Product Liability Tort** |
| ☐ | **Real Property** |
| ☐ | **Restraining Petition** |
| ☐ | **Other General Civil** |

| **Domestic Relations Cases** | |
|---|---|
| ☐ | **Adoption** |
| ☐ | **Contempt** |
| | ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ | **Dissolution/Divorce/Separate Maintenance/Alimony** |
| ☐ | **Family Violence Petition** |
| ☐ | **Modification** |
| | ☐ **Custody/Parenting Time/Visitation** |
| ☐ | **Paternity/Legitimation** |
| ☐ | **Support – IV-D** |
| ☐ | **Support – Private (non-IV-D)** |
| ☐ | **Other Domestic Relations** |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ _____
**Case Number** **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-1138**

MAR 24, 2020 07:08 PM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

KRYSTAL GREENLAND,

     *Plaintiff,*

vs.

J & J HERNANDEZ INC,
AMGUARD INSURANCE COMPANY, and
RAUL VIADA,

     *Defendants.*

CIVIL ACTION FILE
NO.: _____

**JURY TRIAL DEMANDED.**

## COMPLAINT

**COMES NOW** Krystal Greenland, "Plaintiff," and makes and files this Complaint against Defendants J & J Hernandez, Inc. ("J & J Hernandez Inc."), AmGUARD Insurance Company ("AmGUARD Insurance") and Raul Viada ("Viada"), respectfully showing as follows:

### PARTIES AND JURISDICTION

**1.**

Plaintiff Krystal Greenland is a citizen and resident of the State of Georgia, and she is subject to the jurisdiction of this Court.

**2.**

Defendant J & J Hernandez Inc. is a North Carolina company that operates its vehicles in the State of Georgia. Defendant J & J Hernandez Inc. may be served through its Process Agent, The Financial Integrity Group / Dawn Richardson, 410 E Taylor Street, Suite G, Griffin, Spalding County, GA 30223, and it is subject to the jurisdiction of this Court.

**3.**

Defendant AmGUARD Insurance is foreign corporation existing under the laws of the State of Pennsylvania with a principal place of business located in Pennsylvania, and it is licensed to transact business in the State of Georgia. Defendant AmGUARD Insurance may be served by delivering a copy of the Summons and Complaint to its registered agent, CT Corporation System, 289 S. Culver St, Lawrenceville, Gwinnett County, GA 30046, and Defendant AmGUARD Insurance is subject to the jurisdiction of this Court.

**4.**

Defendant Viada is a citizen and resident of the State of Florida and may be served with a copy of the Summons and Complaint at his home address of 6765 W 2nd Ct., Apt 219, Hialeah, FL 33012.

**5.**

As the subject motor vehicle accident occurred in Cobb County and Defendant J & J Hernandez Inc. is a motor carrier, jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-1-117.

## BACKGROUND

**6.**

This suit arises out of a motor vehicle collision that occurred on August 4, 2018 at approximately 02:56 p.m. on I-20 in Cobb County, Georgia (hereinafter referred to as the "subject-collision").

**7.**

At the time of the subject-collision, Plaintiff was the driver of a vehicle heading eastbound on I-20.

**8.**

Defendant Viada was the driver of a vehicle traveling eastbound on I-20 behind Plaintiff's vehicle.

**9.**

Defendant Viada followed too closely in violation of O.C.G.A. § 40-6-49, failed to exercise due care, and collided with the rear of Plaintiff's vehicle.

**10.**

The force of Defendant Viada's tractor-trailer striking the rear of Plaintiff's vehicle was significant, and it caused Plaintiff's vehicle to move forward and collide with a third vehicle.

**11.**

As result of the subject-collision, Plaintiff suffered severe injuries that required extensive treatment.

## COUNT I – NEGLIGENCE

**12.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

**13.**

Defendant Viada owed a duty to exercise due care while operating his vehicle; to drive his vehicle in a safe and reasonable manner; to maintain a proper lookout; to pay attention and avoid driver distraction at all times.

**14.**

Defendant Viada breached those duties and, therefore, he was negligent in colliding with the rear of Plaintiff's vehicle.

**15.**

Defendant Viada negligence is the sole and proximate cause of the subject-collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

**16.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

**17.**

At the time of the subject collision, Defendant Viada was under dispatch for Defendant J & J Hernandez Inc.

**18.**

At the time of the subject collision, Defendant Viada was operating his vehicle on behalf of Defendant J & J Hernandez Inc.

**19.**

Defendant J & J Hernandez Inc. is an intrastate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Viada in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

**20.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

**21.**

Defendant J & J Hernandez Inc. was negligent in hiring Defendant Viada and entrusting him to drive a commercial motor vehicle.

**22.**

Defendant J & J Hernandez Inc. was negligent in failing to properly train Defendant Viada.

**23.**

Defendant J & J Hernandez Inc. was negligent in failing to properly supervise Defendant Viada.

**24.**

Defendant J & J Hernandez Inc.'s negligence in hiring Defendant Viada and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

**25.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

**26.**

Defendant AmGUARD Insurance is subject to a direct action as the insurer for Defendant J & J Hernandez Inc. pursuant to O.C.G.A. § 40-2-140.

**27.**

Defendant AmGUARD Insurance was the insurer of Defendant J & J Hernandez Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

**28.**

Defendants J & J Hernandez Inc. and AmGUARD Insurance are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

**29.**

Defendant AmGUARD Insurance is responsible for any judgment rendered against Defendant J & J Hernandez Inc.

## COUNT V – DAMAGES

**30.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

**31.**

As a result of Defendants' negligence, Plaintiff suffered severe injuries that required extensive treatment.

**32.**

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses in excess of $75,000.00 and will continue to incur future medical expenses.

**33.**

As a result of Defendants' negligence, Plaintiff has missed time from work and has a claim for past and future lost wages.

**34.**

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT VI – PUNITIVE DAMAGES

**35.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

**36.**

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious

indifference to the consequences of their actions and, therefore, entitles Plaintiff to an award of punitive damages in this matter.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

(a) That Plaintiff recover the full value of her past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c) That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

(d) That Plaintiff recover such other and further relief as is just and proper.

This 24th day of March, 2020.

Respectfully Submitted,

**FRIED GOLDBERG LLC**

By: *Adam P. Smith*
    **MICHAEL L. GOLDBERG**
    Georgia Bar No. 299472
    **ERIC J. D. ROGERS**
    Georgia Bar No. 100081
    **ADAM P. SMITH**
    Georgia Bar No. 899334
    *Attorneys for Plaintiff*

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
Michael@friedgoldberg.com
Eric@friedgoldberg.com
Adam@friedgoldberg.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-1138**

MAR 24, 2020 07:08 PM

*[signature]*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

KRYSTAL GREENLAND,

      *Plaintiff,*

vs.

J & J HERNANDEZ, INC., AMGUARD
INSURANCE COMPANY, and RAUL
VIADA,

      *Defendants.*

CIVIL ACTION FILE
NO.: _____

**JURY TRIAL DEMANDED.**

### PLAINTIFF'S FIRST INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANTS J & J HERNANDEZ, INC. AND RAUL VIADA

TO:    Defendants J & J Hernandez, Inc. and Raul Viada.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendants for response within thirty (30) days after service hereof, in the form provided by law, the following Interrogatories and Request for Production of Documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Viada on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Viada from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Viada on the day of the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Viada on the date of the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of any lease, employment contract, or any other documents

*ι.*

regarding the employment status of Defendant Viada. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, a copy of the bill of lading for any loads carried by Defendant Viada for the eight day period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by Defendant Viada, identify:

(a) Where the load originated;

(b) The contents thereof;

(c) The weight of said load;

(d) The final destination of the load; and

(e) Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such

policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

11.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, the policy of insurance identified in response to Interrogatory No. 9. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any trip reports or dispatch records in regard to Defendant Viada for the two week period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, a copy of all driver's logs or time cards for Defendant Viada for the six month period preceding the incident referred to in the Complaint. In lieu of this, you may attach

-4-

copies thereof to your answers to these interrogatories.

15.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Viada for the six month period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Viada on the day of the incident referred to in the Complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Viada on the day of the incident referred to in the Complaint for the one year period

preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, a copy of Defendant Viada's driver's qualification file, including but not limited to:

(a)    Application for employment;

(b)    Copy of his CDL license;

(c)    Driver's certification of prior motor vehicle accidents;

(d)    Driver's certification of prior violations of motor vehicle laws;

(e)    Driver's prior employment history;

(f)    Carrier's inquiry into his driving record;

(g)    Carrier's inquiry into his employment record;

(h)    Documents regarding carrier's annual review of his driving record;

(i)    Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)    Certification of driver's road test;

(k)    Medical examiners certificate;

(l)    Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)    Training certificates and training documents;

(n)    Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Viada? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

20.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Viada. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Viada, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Thirty (30) days after service hereof, you are requested to produce for inspection and

copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, the accident register for Defendant for the one year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Viada. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Thirty (30) days after service hereof, you are requested to produce for inspection and

copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the Complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Viada.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six month period prior to the

incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Viada at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

34.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service? If so, please state for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification.

36.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Viada on the date of the incident referred to in the Complaint for the one year period preceding the incident and six month period after the incident.

38.

State the extent of any training provided to Defendant Viada by this Defendant or any outside agency since the date of Defendant Viada's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500,

Atlanta, Georgia 30326-4302, copies of any documents regarding any training received by Defendant Viada. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any permits or licenses regarding the tractor and trailer driven by Defendant Viada and the load transported by Defendant Viada at the time of the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between Defendant J & J Hernandez, Inc. and Defendant Viada (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Viada, please state the driver's mode of compensation.

43.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period

covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Viada since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500,

Atlanta, Georgia 30326-4302, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Viada prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Viada's date of birth, social security number and driver's license number.

50.

Please identify the cell phone number and service provider for all cell phones owned, used or operated by Defendant Viada on the date of the incident.

51.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

    (a)    Was an eyewitness to the incident complained of in this action;

    (b)    Has some knowledge of any fact or circumstance upon which your defense is based;

    (c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or Plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

61.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting Plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Thirty (30) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326-4302, any PSP report or similar report from the FMCSA on the defendant

driver showing his prior accidents and inspection history. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This 24th day of March, 2020.

Respectfully Submitted,

**FRIED GOLDBERG LLC**

By: *Adam P. Smith*

**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J. D. ROGERS**
Georgia Bar No. 100081
**ADAM P. SMITH**
Georgia Bar No. 899334
*Attorneys for Plaintiff*

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
Michael@friedgoldberg.com
Eric@friedgoldberg.com
Adam@friedgoldberg.com

# AFFIDAVIT OF SERVICE

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-1138**

**APR 01, 2020 10:15 AM**

*Angie T. Davis, Clerk of State Court*
*Cobb County, Georgia*

| Case: 20-A-1138 | Court: IN THE STATE COURT OF COBB COUNTY | | County: COBB | Job: 4452045 |
|---|---|---|---|---|
| Plaintiff / Petitioner: KRYSTAL GREENLAND, | | | Defendant / Respondent: J & J HERNANDEZ INC, AMGUARD INSURANCE COMPANY, and RAUL VIADA, | |
| Received by: RMG - SERVICES, LLC | | | For: FRIED GOLDBERG LLC | |
| To be served upon: AmGUARD INSURANCE COMPANY | | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** AmGUARD INSURANCE COMPANY c/o CT Corporation System by leaving a copy with Linda Banks who is authorized to accept legal documents, Company: 289 S Culver Street, Lawrenceville, GA 30046

**Manner of Service:** Registered Agent, Mar 30, 2020, 12:01 pm EDT

**Documents:** SOMMONS; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING FORM; COMPLAINT; PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS J & J HERNANDEZ, INC. AND RAUL VIADA

**Additional Comments:**
1) Successful Attempt: Mar 30, 2020, 12:01 pm EDT at Company: 289 S Culver Street, Lawrenceville, GA 30046 received by AmGUARD INSURANCE COMPANY c/o CT Corporation System by leaving a copy with Linda Banks who is authorized to accept legal documents. Age: 60+; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'2"; Hair: Gray;

_____     4/1/2020
HOLLIS HILL                 Date
Certified Process Server # CPS195

RMG - SERVICES, LLC
P.O. Box 82967
Conyers, GA 30013
770-601-4250

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

4/1/2020
Date          Commission Expires

CHRISTIE HOWELL
My Commission Expires
NOTARY PUBLIC
PAULDING COUNTY, GEORGIA
03-22-2022

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

2020 JAN -7 PM 2: 27

STATE COURT CLERK-07

IN RE:  Permanent Process Server

HOLLIS J. HILL
        Petitioner,

### ORDER

The application of the undersigned permanent process server has been read and considered, said applicant, **HOLLIS J. HILL** ~~of RMG-SERVICES, LLC~~. Who is a resident of the State of Georgia, 18 years of age or older and is not to serve parties on cases in which he has an interest, is hereby appointed process server of this court pursuant to O.C.G.A. 9-11-4(c), from the date of this order until January 4, 2021.

SO ORDERED this 7ᵗʰ day of January, 2020

A copy of this order shall be attached to any return of service made pursuant to this order.

_____
Presiding Judge
Cobb County State Court

Applicant:

Hollis J. Hill
Certified Process Server # CPS 195
RMG-SERVICES, LLC
1223 Saxony Drive, SE
Conyers, GA 30013
770-601-4250

$10 cost paid
SCST 714095
01.07.20

# AFFIDAVIT OF SERVICE

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-1138**

APR 01, 2020 10:15 AM

*Angie T. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

| Case: 20-A-1138 | Court: IN THE STATE COURT OF COBB COUNTY | County: COBB | Job: 4452040 |
|---|---|---|---|
| Plaintiff / Petitioner: KRYSTAL GREENLAND, | | Defendant / Respondent: J & J HERNANDEZ INC, AMGUARD INSURANCE COMPANY, and RAUL VIADA, | |
| Received by: RMG - SERVICES, LLC | | For: FRIED GOLDBERG LLC | |
| To be served upon: J & J HERNANDEZ INC. | | | |

I, HOLLIS HILL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** J & J HERNANDEZ INC., c/o The Financial Integrity Group by leaving a copy with Renee Price who is authorized to accept legal documents, Company: 410 E. Taylor Street Suite G, Griffin, GA 30223

**Manner of Service:** Registered Agent, Mar 31, 2020, 2:54 pm EDT

**Documents:** SOMMONS; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING FORM; COMPLAINT; PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS J & J HERNANDEZ, INC. AND RAUL VIADA

**Additional Comments:**
1) Successful Attempt: Mar 31, 2020, 2:54 pm EDT at Company: 410 E. Taylor Street Suite G, Griffin, GA 30223 received by J & J HERNANDEZ INC., c/o The Financial Integrity Group by leaving a copy with Renee Price who is authorized to accept legal documents. Age: 35+; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'5"; Hair: Black;

*Hollis Hill*                    4/1/2020

HOLLIS HILL                    Date
Certified Process Server # CPS195

RMG - SERVICES, LLC
P.O. Box 82967
Conyers, GA 30013
770-601-4250

Subscribed and sworn to before me by the affiant who is personally known to me.

*Christie Howell*

Notary Public

4/1/2020

Date                    Commission Expires

*[Notary Seal: CHRISTIE HOWELL, My Commission Expires, NOTARY PUBLIC, 03-22-2022, PAULDING COUNTY, GEORGIA]*

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

IN RE: Permanent Process Server

HOLLIS J. HILL
      Petitioner,

**ORDER**

The application of the undersigned permanent process server has been read and considered, said applicant, **HOLLIS J. HILL** ~~of RMG-SERVICES, LLC~~. Who is a resident of the State of Georgia, 18 years of age or older and is not to serve parties on cases in which he has an interest, is hereby appointed process server of this court pursuant to O.C.G.A. 9-11-4(c), from the date of this order until January 4, 2021.

SO ORDERED this 7ᵗʰ day of January, 2020

A copy of this order shall be attached to any
return of service made pursuant to this order.

_____
Presiding Judge
Cobb County State Court

Applicant:

Hollis J. Hill
Certified Process Server # CPS 195
RMG-SERVICES, LLC
1223 Saxony Drive, SE
Conyers, GA 30013
770-601-4250

$10 cost paid
SCST 714095
01.07.20

## VERIFIED RETURN OF SERVICE



**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-1138**

APR 06, 2020 12:12 PM

Angie J. Davis
State Court, Clerk of State Court
Cobb County, Georgia

**State of Georgia**                    **County of Cobb**

Case Number: 20-A-1138

Plaintiff:
**KRYSTAL GREENLAND,**

vs.

Defendant:
**J & J HERNANDEZ, INC., AMGUARD
INSURANCE COMPANY, and RAUL
VIADA,**

For:
Adam P. Smith
Fried Rogers Goldberg LLC
3550 Lenox Road, N.E.
Suite 1500
Atlanta, GA 30326

CPP2020000310

Received by CIVIL PROCESS, LLC on the 27th day of March, 2020 at 12:09 pm to be served on **Raul Viada, 6765 W. 2nd Court, Apt. #219, Hialeah, FL 33012**.

I, NASSIM TAUIL, do hereby affirm that on the **3rd day of April, 2020** at **1:20 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TODEFENDANTS J & J HERNANDEZ, INC. AND RAUL VIADA, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Raul Viada** at the address of: **11910 NW 12TH AVE, Miami, FL 33168**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Contact Number: 786-374-1497

**Description** of Person Served: Age: 58, Sex: M, Race/Skin Color: Hispanic, Height: 5'8", Weight: 150, Hair: Salt & Pepper, Glasses: N

# VERIFIED RETURN OF SERVICE For 20-A-1138

I acknowledge that I am a Certified Process Server in the Circuit in which this defendant was served, and that I have no interest in the above action. Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true.

**NASSIM TAUIL**
CPS#2105

**CIVIL PROCESS, LLC**
**7350 N.W. 77th Street**
**Medley, FL 33166**
**(305) 375-9111**

Our Job Serial Number: CPP-2020000310
Ref: Greenland v. Viada

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.0n

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-1138**

APR 09, 2020 10:42 AM

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

KRYSTAL GREENLAND,          )
                                     )
     Plaintiff,             )
                                     )     CIVIL ACTION FILE
v.                                   )     NO. 20A1138
                                   )
J&J HERNANDEZ, INC, AMGUARD     )
INSURANCE COMPANY, and          )
RAUL VIADA,                )
                                   )
     Defendants.         )

**<u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS</u>**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day served

     1.     *Defendants' First Request for Production of Documents and Things and Notice to Produce to Plaintiff;*

     2.     *Defendants' First Interrogatories to Plaintiff;*

upon opposing counsel in this action via statutory electronic service addressed as follows:

Michael L. Goldberg
Eric J.D. Rogers
Adam P. Smith
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Rd, NE, Suite 1500
Atlanta, GA 30326-430

I further certify that I have e-filed this **RULE 5.2 CERTIFICATE OF SERVICE** via *PeachCourt* efiling system which will automatically send electronic mail notification of such filing to counsel of record who are *PeachCourt* system participants, and mailed a paper copy of

- 1 -

same mailed by the United States Postal Service, first-class, postage prepaid, to parties and counsel

of record who are non-*PeachCourt* participants, properly addressed upon:

Michael L. Goldberg
Eric J.D. Rogers
Adam P. Smith
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Rd, NE, Suite 1500
Atlanta, GA 30326-430

This 9th day of April, 2020.

FREEMAN MATHIS & GARY, LLP

*/s/ Shaun M. Daugherty*
SHAUN M. DAUGHERTY
Georgia Bar No. 205877
sdaugherty@fmglaw.com
*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

20-A-1138

APR 22, 2020 03:25 PM

*Angie S. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KRYSTAL GREENLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 20A1138 |
| | ) | |
| J&J HERNANDEZ, INC, AMGUARD | ) | |
| INSURANCE COMPANY, and | ) | |
| RAUL VIADA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants J&J Hernandez, Inc., AmGuard Insurance Company, and Raul Viada, by and through counsel, serve this answer and defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against one or all of the Defendants upon which relief can be granted and Defendants therefore move to dismiss said action.

### SECOND DEFENSE

No act or omission of these Defendants either proximately caused or contributed to whatever damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

### THIRD DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of some other person or persons for whom these Defendants were not responsible and, on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

## FOURTH DEFENSE

The failure to specifically plead special damages bars their recovery. O.C.G.A. §9-11-9(g).

## FIFTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, Defendants state that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

## SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations sudden emergency, and waiver.

## SEVENTH DEFENSE

The Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the Defendants' right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the Defendants' right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

**EIGHTH DEFENSE**

All claims for punitive damages in the Plaintiff's Complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

**NINTH DEFENSE**

The Plaintiff's claim for punitive damages violates the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2000).

**TENTH DEFENSE**

Defendants maintain that any award of punitive damages made in this matter shall be capped at $250,000 per OCGA § 51-12-5.1(g).

**ELEVENTH DEFENSE**

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

**PARTIES AND JURISDICTION**

1.

Defendants are without sufficient information to either truthfully admit or deny the allegations contained in this paragraph.

2.

Defendants admit the allegations contained in this paragraph.

3.

Defendants admit the allegations contained in this paragraph.

4.

Defendants admit the allegations contained in this paragraph.

5.

Defendants admit the allegations contained in this paragraph.

## **BACKGROUND**

6.

Defendants state that the allegations contained in this paragraph are not of relevant facts or law and requires no response from these Defendants.  To the extent that a response is required, Defendants admit that plaintiff appears to be bringing suit based on the motor vehicle collision that occurred on or about August 4, 2018 on I-20 in Cobb County, Georgia.

7.

Defendants admit the allegations contained in this paragraph.

8.

Defendants admit the allegations contained in this paragraph.

9.

Defendants admit that Defendant Viada collided with the rear of plaintiff's vehicle and admits that he was cited for violation of OCGA § 40-6-49.  Defendants deny the remaining allegations contained in this paragraph.

10.

These Defendants admit that Plaintiff's vehicle collided with the vehicle in front of it. Defendants are without sufficient knowledge to truthfully admit or deny the remaining allegations contained in this paragraph.

11.

Defendants are without sufficient knowledge to truthfully admit or deny the allegations contained in this paragraph.

## COUNT 1 - NEGLIGENCE

12.

Defendants incorporate their responses to Paragraphs 1 through 11 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

13.

Defendants admit the allegations contained in this paragraph.

14.

Defendants deny the allegations contained this paragraph.

15.

Defendants deny the allegations contained in this paragraph.

## COUNT 2 - IMPUTED LIABILITY

16.

Defendants incorporate their responses to Paragraphs 1 through 15 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

17.

Defendants admit the allegations contained in this paragraph.

18.

Defendants admit the allegations contained in this paragraph.

19.

Defendants admit that J&J Hernandez, Inc. is responsible for the actions of Raul Viada. Defendants deny the remaining allegations contained in this paragraph.

## COUNT 3 - NEGLIGENT HIRING, TRAINING & SUPERVISION

20.

Defendants incorporate their responses to Paragraphs 1 through 19 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

21.

Defendants deny the allegations contained in this paragraph.

22.

Defendants deny the allegations contained in this paragraph.

23.

Defendants deny the allegations contained in this paragraph.

24.

Defendants deny the allegations contained in this paragraph.

## COUNT 4 - DIRECT ACTION

25.

Defendant incorporates his responses to Paragraphs 1 through 24 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

26.

Defendants admit that OCGA § 40-2-140 provides for a direct action against Defendant AmGuard Insurance Company.

27.

Defendants admit the allegations contained in this paragraph.

28.

Defendants admit the allegations contained in this paragraph.

29.

Defendants deny liability to the plaintiff and, therefore, deny the allegations contained in this paragraph.

## **COUNT 5 - DAMAGES**

30.

Defendants incorporate their responses to Paragraphs 1 through 29 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

31.

Defendants deny the allegations contained in this paragraph.

32.

Defendants deny the allegations contained in this paragraph.

33.

Defendants deny the allegations contained in this paragraph.

34.

Defendants deny the allegations contained in this paragraph.

**COUNT 6 - PUNITIVE DAMAGES**

35.

Defendant incorporates its responses to Paragraphs 1 through 34 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

36.

Defendants deny the allegations contained in this paragraph.

37.

In response to the "WHEREFORE" paragraph immediately following paragraph 36 of the complaint, including subparagraphs a. through d. thereof, Defendants deny that they are liable to Plaintiff and that Plaintiff is entitled to any relief from Defendants under any theory at law or in equity.

38.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendants having fully answered the Plaintiff's Complaint, pray that they hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of these Defendants and against the Plaintiff, with all costs cast upon the Plaintiff.

This 22nd day of April, 2020.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Shaun Daugherty*
SHAUN M. DAUGHERTY
Georgia Bar No. 205877

*Attorney for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
(770) 818-0000 – Phone
(770) 937-9960 – Fax
Sdaugherty@fmglaw.com
(cc: ffinley@fmglaw.com)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served the within and foregoing **Defendants' Answer and**

**Defenses to Plaintiff's Complaint** via PeachCourt e-file system which will send electronic

notification of such filing to counsel of record as follows:

Michael L. Goldberg
Eric J.D. Rogers
Adam P. Smith
Fried Goldberg, LLC
Three Alliance Center
3550 Lenox Rd, NE, Suite 1500
Atlanta, GA 30326-4302

This 22nd day of April, 2020.

                                       **FREEMAN MATHIS & GARY, LLP**

                                       */s/ Shaun Daugherty*
                                       SHAUN M. DAUGHERTY
                                       Georgia Bar No. 205877
                                       *Attorney for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
(770) 818-0000 – Phone
(770) 937-9960 – Fax
Sdaugherty@fmglaw.com
(cc: ffinley@fmglaw.com)